Mr. Strauss, you may proceed. Madam Clerk, would you call the final case for argument this morning, please? The last case for argument this morning is 16-1425, District of Minnesota. Angela Shambour v. Carver County, et al. Thank you, Ms. Michaels. We'll hear from counsel, Mr. Strauss. Good morning. You may proceed. Thank you, Your Honor. Counsel, you may please the court. I'm John Strauss, and I represent the plaintiff appellant, Angela Shambour. We briefed all the issues, but I intend to spend my time discussing two issues of first impression in this court, whether there is direct entity and vicarious entity liability under the Driver's Privacy Protection Act. First, we ask the court— Did you raise vicarious liability to the district court and argue that to the district court? We raised it simply in the complaint. It's in the complaint at paragraph 256. How about in response to the summary judgment motion? There was no summary judgment motion. This was dismissed at a motion-to-dismiss stage. All right. How about in response to the motion to dismiss? There was just simply a motion to dismiss, and the court, I believe on its own, just dismissed the entities. You didn't respond? We did respond, but there was no argument for whether or not— We did respond, but I don't believe vicarious liability ever came up. And so can we consider it for the first time on appeal, then? You may, Your Honor, because it was pled in the complaint, and the judge dismissed it without discussion. But shouldn't there have been an argument made by you that vicarious liability is a reason not to dismiss the case? I don't believe we actually— We don't normally take those issues up for the first time on appeal, do we? Your Honor, I don't believe we had the opportunity. The judge, I believe, just dismissed when direct was the only argument that was made by the defendants. So we asked that the court rule that based on the plain language of the DPPA, direct liability applies to the states and counties, and there's no doubt that was briefed and ruled on below. And second, we do ask that the court find vicarious liability applies to cities and counties under federal law, whereas here the conduct was made within the scope of employment, the officer acted with apparent authority, or the conduct was aided in the agency relationship. All three are applicable here, and vicarious liability should apply under the statute. And thus we seek reversal and remand on each of these grounds, and ask that the court find as a matter of law under the DPPA, entity liability applies and the cities and counties are properly parties to this case. As to direct liability, Your Honors, it is axiomatic that ordinary meeting of a statute's language expresses the legislative purpose. Courts should look to the plain meaning of a statute's language, as well as the language and design of the statute as a whole. And under the plain meaning of the DPPA, cities and counties can be held directly liable. As Section 2724 of the Act says, a person who violates the DPPA is civilly liable. A person under the statute includes not only individuals, but an organization or an entity. And it explicitly excludes state agencies and states. So Congress knew how to write exceptions into the statute. It did so for states and state agencies, but it included no exception. That's probably an Eleventh Amendment issue, don't you think? Oh, I think it would be, but they also specifically stated it in the statute. Probably because of the Eleventh Amendment. Probably, but there was nothing in there that expressly excluded cities and counties. Rather, it expressly included them by reflecting organizations and entities. I guess the question in my mind is whether the knowingly provision applies to both the action and knowing that it's not used for acceptable purposes. Sure. Well, I don't even think you have to get to knowingly here, Your Honor, because you have to in the sense that the city can only act through its people, or a county can only act through its people, either through its employees or its elected officials. So here, the cities and counties access the DVS database through their employees, the law enforcement officers. The officers, as we very specifically allege, knowingly accessed for an impermissible purpose. So it's both. They both knowingly did the access, and they knowingly had an impermissible purpose. So the city is made up of its people, and so it also knowingly accessed, and it knowingly accessed for an impermissible purpose. It's different than the commissioner liability issue, because there is a step for removal. Here, we're talking about a knowing access by the people who make up the city. Why are most of these claims barred by the statute of limitations? Well, they would be if the court does not accept our request for a modification and reversal, which we asked for. But that issue is not firmly decided as the Tychich opinion. Obviously, I understand the circuit decided it in the McDonough opinion and then affirmed it in Tychich. But the Tychich opinion has been petitioned to the United States Supreme Court, and so this court does not know how the statute of limitations under the DPPA will ultimately be decided. We have our case, which we're bound by. I'm sorry, Your Honor? We have our case, which we're bound by. Yes, I understand, although we asked for modification and reversal. But we don't know ultimately. We can't overrule another panel. I understand that, Your Honor. I understand that. But would this not be dicta or advisory here? The court doesn't have certainty about how that issue will ultimately be decided. Let's assume for the moment that the McDonough case, that it's correct. Tychich case is where there's a petition. What claims are left? Are there any claims not subject to the statute of limitations? No, Your Honor. Claims that were made within, in other words, that occurred within the statute? No. As defined in the McDonough case, all those claims that the court would have considered timely have been disposed of. In fact, I looked at the log in Exhibit A. It seems to me there were eight possible claims, but only two were asserted, and they were settled. Isn't that right? I didn't hear the last thing you said. They were settled, were they not? Settled, or there was a voluntary dismissal of one of them. Yes. Okay. But for the claims that could come back, I'm sorry, Your Honor? Just so I'm clear, there are no remaining claims that are past the statute of limitations that occurred within the statute of limitations based on McDonough? That's correct, Your Honor. Okay. I thought there were a couple that survived. No. But there are, for instance, 17 Northfield accesses that have not been disposed of that would, if there were a modification or reversal on the statute of limitations that would come in, that's the former employer of Ms. Schambour. So, I mean, so, but no, there are none. So as we sit here today, assuming McDonough is the law of the circuit, this is a pretty easy case, isn't it?  Tell me, what do you mean by that, modification or reversal? I mean, I don't understand what you're talking about. Well, we ask that the court revisit, and I understand that the panel can't do it. So I do understand that. For us, this is a pretty simple case. This is just McDonough statute. As we sit here now, unless the Supreme Court acts in the interim, it's a pretty simple case, right? Well, I guess so, but we would ask that the court, you know, the court could act in the interim. Of course, if it does and it goes your way, we're bound by that. No question about that. Right. In the absence of that, it's a pretty easy case. I would agree with that, Your Honor. Okay. Thank you. We could hold the case. Maybe that's what you're suggesting. We could stay a decision in this particular case and wait for a decision from the Supreme Court. Is that what you're asking us to do? If the court so chooses, I mean, that would make some sense. Again, what's the name of that case that's pending? That's the Tichich decision. That you actually authored, Your Honor, last year. And the status of that as of today is what? There's a petition for certiorari. If I could go back to arguing. You're certain to be denied if Judge Woolman was the author, right? Just kidding. No, no. We just don't know how it's going to go with the makeup of the Supreme Court. Yes, I'm sure. If I could go back to explaining. I realize there are a lot of variables here. But if I could go to explaining why I think direct liability does apply to the cities and counties in the time that I do have. The language in the exception of 2721B or B1 allows a database to access a government agency or law enforcement agency in carrying out its functions or an individual as well. So if an agency may be exempted from liability, an agency can also be liable when its access was not to carry out a law enforcement function. So it's clear that the B1 exemption intends to clarify a permissible and impermissible use that relates to the government's entity, if that's the party sued, or to an individual, if that's the party sued. No one would dispute that the exemptions that apply to a legitimate business use, an insurer, or private investigative agency would not apply only to the individuals who work for those employers, but also to those agencies or insurers themselves. There's no doubt the insurer or the private investigative agency would be liable. In fact, as this Court recognized in McDonough and in the Tichich case, when it remanded, it remanded with the idea that, although this issue wasn't up, that entities could be liable. In McDonough it said, We therefore reverse the dismissal of Mitchell's timely claims against the law enforcement does responsible for accesses through those four agencies. We also reverse the dismissal of Mitchell's timely claims against the cities of Minneapolis and Edina, since they are the only two entity defendants to which agencies' accesses can be attributed. That's at page 931 of the McDonough decision. So the Court recognized that cities and counties could be directly liable under the Act. So in my time remaining, I'd briefly like to talk about vicarious liability and just point out that under federal law, unlike the state law that is cited to you by the appellees, there are three avenues for vicarious liability. First, that the misconduct could be done in the scope of employment. Second, that the employee's misconduct was accomplished because of his role in relationship with his employer or the aided in agency relation. And finally, the employee's conduct arose from the authority that his employer gave him to act, or apparent authority. Here, the municipalities provided DVS credentials for the officers' use in their employment as law enforcement officers, or within the scope of employment. The officers used the government entity computers and accessed DVS with passwords and credentials that were available to them because of their positions as law enforcement officers in those cities and counties. They were aided in the agency relationship. And third, law enforcement officers were given apparent authority to use the DVS database by their employers, unlike other municipal employees who were not provided access. I would like to reserve the rest of my time for rebuttal. Can I just briefly come back to my question about whether this issue was raised before? In their motion to dismiss, did they argue there's no direct liability? I believe they argued there was no direct liability. I don't think vicarious liability was raised by the defendants. But it was pled by the plaintiff. I got it. But so, assuming that's true, wouldn't you have an obligation to say, in response to the motion to dismiss, that yes, there's direct liability, but there's also vicarious liability? Wouldn't you have the responsibility of raising that? I see your point, Your Honor, and I would assume, yes, we would. Thank you. Mr. Sullivan, good morning. You may proceed. May it please the Court. My name is Timothy Sullivan. I'm appearing on behalf of Carver County and Rice County. The arguments that I'm going to forward also equally apply to the City of Northfield and the other defendants. So, first and foremost, this case is about judicial restraint and stare decisis. The bench, the panel, has caught on to the fact that there are really no controversy at issue in this case, assuming that the United States Supreme Court does not reverse the Titich decision that this panel issued last year. On that end, it's noteworthy that the McDonough decision, which was the first decision to decide the appropriate statute of limitations under the DPPA, was also petitioned and cert was denied. The Supreme Court decided not to readdress the statute of limitations issue. Is there a circuit split on the issue? No, Judge, there is not. In fact, there is consistency. Other circuits have adopted this Court's holding in McDonough and applied the standard rule of accrual to the DPPA. So, plaintiff is asking this Court to make a substantive ruling on legal issues that are essentially an advisory opinion. There isn't a live controversy between the parties. Assuming that the Supreme Court does not take up cert, or assuming that the Supreme Court does take cert and reverse this decision, there would be four issues that would possibly be at issue below. But today, this Court should find that there is no live controversy because Shambor's claims are moot due to the fact that she dismissed the only timely claims that remained. As we sit here today, with McDonough being the law of the circuit and Titus being the law of the circuit, there is no timely DPPA claim to return to the District Court to decide. Following dismissal of the complaint for failure to state a claim, there were two claims, one against Rice County and one against the City of Northfield, that the judge had determined were plausible. Instead of prosecuting those claims, they were settled. They were dismissed. They were fully resolved and settled and dismissed with prejudice. Plaintiff then asked the Court to enter a judgment in the case ostensibly to file this appeal. So, the first issue is whether or not this claim is moot. And I think this Court, and we plead the Court to exercise judicial restraint and find that, you know, if we're discussing those timely claims against entity defendants, they're no longer part of this case. There is nothing for this Court to decide. You know, it's well established that this Court dismisses a claim as moot if it's lost its character as a present live controversy. And that's to avoid… I don't think this works. The mootness and case in controversy, there's still a case in controversy. He's arguing that our McDonough decision was wrong. I think he has… Obviously, a panel can't overturn that, but the en banc court could, and he has the right to seek cert in the Supreme Court on the question. So, I don't think it's a matter of being moot or not having a case or controversy. Well, until… Which would imply we didn't have jurisdiction. Yes, Your Honor. Until I heard the oral argument prior to mine this morning, it was still unclear in my mind whether or not the issue was direct and vicarious liability related to the timely claims. There was a… Correct me if I'm wrong. I think we've determined there are no timely claims left, assuming McDonough's good law. Correct. And assuming that this Court is not going to issue the advisory opinion that is being sought by the plaintiff, then I respectfully request that this Court affirm the dismissal as… That's a little different than saying there's no case or controversy, which means we probably… Or it's moot. We'd have to dismiss it. It's just time barred. Right. Not moot. The… It did become moot at one point. Let me clarify. It became moot because there were two timely accesses. There were two timely accesses following the district court's order that is being… They're not appealing from those anyway. It appears from their argument this morning that they're not appealing from those. Well, they couldn't. I mean, they've settled them, and they're dismissed, and that's it, right? There's no claim that there was something wrong with that settlement. Yes, Your Honor. Okay. So, in order to respond to the issues that were argued by my opposing counsel, we would take the position that if whatever happens with the Supreme Court and whatever action this Court takes while it waits for a decision from Washington, that the standard for vicarious liability that is being forwarded by the plaintiff is not the appropriate standard, and we would ask that this Court instead look to the restatement third as the statement of the general principles of agency law that should apply. So I would briefly address that argument. The apparent authority theory was discussed by the Supreme Court in a case called American Society of Mechanical Engineers v. Hydro Level, and that, first of all, the DPPA does not specifically address vicarious liability at all. It is not in the statute. The United States Supreme Court has not applied vicarious liability to the statute, and this Court has not applied vicarious liability to the statute. There's no binding law. District courts, no circuit court in the United States has applied it and has squarely addressed it, as a matter of fact. However, district courts in this district and in other districts have held that it may apply. But there is no uniformity in the standard that's being used. Well, within the Minnesota cases, we have Judge Schultz found liability. Yes, Your Honor. And who found no liability? Well, Judge, in the Wiconant case, Judge Montgomery found that vicarious liability was not properly applied in that case, and I'd love to address that decision. The Court found that under the facts of that case, what it would mean is that the apparent authority theory of vicarious liability that was being argued would result essentially in strict liability for the employer. And I think that's exactly the reason why Judge Montgomery was correct to be hesitant to impose vicarious liability. That's exactly what the plaintiffs have argued in this case in their reply brief. On page 13, they say, If courts were to impose an apparent authority theory, it would result in strict liability. It wouldn't be a question. There's another reason that this statement demonstrates why apparent authority is not the correct standard, and that was set forth by the Supreme Court in the Burlington Industries case in 1998. In that case, the Court stated as a general rule, The claims in this case involve an alleged misuse of the authority to use the system. It is not apparent authority. This is a case where the application of vicarious liability should come through the scope of employment test. There are other cases where courts have applied the apparent authority. For example, there's the Schertz v. City of Brookfield case. Now, that case is distinguishable from the case at Barr because unlike in Minnesota where officers are given their own password and they're able to access the information, they're given the express authority to access the information themselves, In that case, the police officer from Wisconsin made a phone call to the DMV in Arizona, represented himself as a Wisconsin police officer, and requested a record. On that case, he was holding out having the authority to get it. That authority was relied upon. In that case, the apparent authority theory is more fitting, whereas under the Supreme Court's ruling in the Burlington Industries, you don't apply apparent authority when there is actual authority. And in this case, we have actual authority. The Supreme Court has also recognized that the aided-in-agency theory that plaintiff has forwarded was expressly abandoned in the restatement third. In the case of Vance v. Ball State University, 2013, so it's 133 Supreme Court 2434. Can I ask you as well? Yes. Has any of this aired out before the district court on the vicarious liability? No, Judge. The issue of vicarious liability was not brought up at all. We did oppose on the basis of direct liability, just simply on the basis that statutory interpretation, we could not, the entities could not have done what is necessary for a person to be liable under the act. And my time is up. I will give the rest over to Mike. While you're still standing, as one who has labored untold hours over these cases, I have to say that the history of the DDPA administration in Minnesota has done very little to raise the luster of state or local government. I mean, my goodness, it's disgraceful. Neither here nor there. I don't know that it will ever get any better either for that matter. I got that off my chest. I won't hold that against you. I can represent to the court that great changes have been made. Oh, I'm happy to hear that. No, I am. I'm happy to hear that because it's not a pretty story, not a pretty history. I can understand. Thank you. Very well. Thank you. Mr. Strauss? Ms. Tindall. Oh, I'm sorry. I should learn to read my notes. Okay. Sure, Ms. Tindall. How could I miss? Thank you, Your Honor. May I proceed? And I won't unburden onto you. Thank you. May it please the court, my name is Susan Tindall. I'm here on behalf of the city respondents, including the city of Northfield. And I was prepared to address for the court today the direct liability claim, which I understand, along with my colleague, Mr. Sullivan, that for the first time, we are understanding that if all the claims are barred by the statute of limitations, which we certainly agree with this court's decisions in McDonough and Titchett, then there are no issues before the court. The confusion came in the briefing. It was not clear that even though the access by Rice County was dismissed and settled and the access by the city of Northfield was voluntarily dismissed after the access was found to be valid, whether that the appellant was still claiming that the entities themselves would be held directly or vicarious liable under the act. I understand that those claims are not before the court. However, I will address a few things that Mr. Strauss brought before the court today just for clarification on the direct liability issue, which was briefed before the district court below. Let me go back just so I'm clear on the issue of what's before us. If the claims involving the ones that were within the statute of limitations have been settled or dismissed, I assume there would be no liability against the city entities in any event, right? That is certainly the position that we take. We did not understand that that was also appellant's position until today, that they were claiming because actually the dismissal had to do with the individual users, the individuals instead of the entities. And whether they were saying that because those individuals were dismissed, the claims, the entities could still be directly or vicarious liable. And frankly, that's how the respondents viewed the briefing in this matter, not just a matter of that the case was barred by the statute of limitations. So frankly, that's why the focus on the briefs was on direct and vicarious liability, because respondents do believe there's no issue regarding the statute of limitations and the Supreme Court will not reverse this court's decisions. And I do believe that the petition before the Supreme Court is set for consideration this week before the Supreme Court. So I think that a decision on petitions from Titich will be decided shortly. Just to clarify a few things on a direct liability in the remote possibility that that would be before the court at some point, the argument that respondents have is that it is essential that under the act, the knowingly piece of it, that the entities must knowingly give access for an impermissible purpose. And that actually comes from the plain reading of the statute. As a grammatical matter, and I'm looking at 18 U.S.C. 27A. So the other side's argument in response is, well, the city can only act through its agents, and we clearly pled that the agents knowingly accessed it for an improper purpose. What's your response to that? I respectfully disagree with that, Your Honor. Entities, cities, and city councils, county boards can act independently of their agents. They can pass resolutions. For example, they could pass a resolution that would direct an employee to improperly access someone's motor vehicle record for an improper purpose, and that would be the entity themselves acting. So I disagree with that. And when you look at the complaint, there's only conclusions regarding the entities and not allegations specific regarding the entities and their knowledge about giving access to the database for an improper purpose. Certainly no indication that there was action on behalf of the county boards or the city council ratifying or passing a resolution for an improper access. In fact, clearly the access by the city of Northfield was a proper access and was voluntarily dismissed after we filed summary judgment in that. So I think that is an important clarification with respect to direct liability because if Mr. Strauss' argument was that the entities could only act on behalf of employees, the argument would be there would be no direct liability ever under the statute. But in fact, there is circumstances where the entities could act as a whole. Unless the court- That's pretty far-fetched. That seems highly unlikely that there's going to be a resolution saying, please access this for an improper purpose. I agree. It could be far-fetched, Your Honor, but it is a possibility. And so the statement that entities only act through their employees is not true. I'm almost out of time. I agree that there's no live controversy before the court and that we ask that the court affirm the district court's decision. Thank you. Just so we have some certainty and we're all on the same page. I mean, I think we've conceded that if McDonough's correct, there are no remaining claims that are outside the statute of limitations. But I think we just had a little discussion that at least at one point, there were one or two that were within the statute of limitations that were settled or dismissed. You're not arguing that those are still live against the city entities, right? That's correct, Your Honor. Okay, thank you. But a couple other points. First of all, the cities and the counties are asking the court to rewrite the statute. They're saying that there should be no consequence for the entities involved here when Congress clearly defined a person as an entity and organization. If this were an insurer, how else could an insurer act but through its employees? They're basically saying that an insurer should only be liable under the DPPA if it's president or C-level employees or it's board of directors act. There's nothing like that in the statute, and there's no reason to rewrite it in that way. Strict liability is also a hearing in these arguments under both direct or vicarious liability. Strict liability is a time when there is liability without fault. Here there has to be fault. There has to be wrongdoing. It has to be for an impermissible purpose. There's no strict liability here. If somebody accessed it and it was for a permissible purpose, and it was for a permissible purpose, then there's no liability. So strict liability is a red herring. I went and quickly looked at the appendix while we were discussing this, and as I recall, my belief is that Judge Kyle actually decided city liability sui sponte in this matter because the arguments from the defendants below were on plausibility and statute of limitations. And so he dismissed when he added that. Gratuitously, he didn't have to do that. So I don't believe we ever had an opportunity to argue it before him. And so this is the first opportunity to discuss vicarious liability before this court. So what you're now saying is you don't think they made an argument with respect to the city and county entities separately on, say, the direct liability argument? They didn't even make that? No, I don't believe they even did that. I believe they said that we're not liable because it's not plausible, and since then McDonough has defined what's plausible. This ruling was before McDonough, and he found actually all the accesses plausible, but then he just sui sponte dismissed the cities, and it did implicitly apply it was direct, but I don't believe it was ever argued below because it was never addressed in part of the motion to dismiss. So we ask the court to remand and reverse on the grounds that we've briefed and argued today. Thank you very much. Very well. The case is submitted. We will take it under consideration.